**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12830

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PEDRO CESAR RAMOS-CRUZ,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00022-AW-MAF-1

_____

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Pedro Ramos-Cruz appeals his 120-month sentence for conspiracy to bring a noncitizen to the United States; illegal entry by a deported noncitizen; and possession of a

firearm by a noncitizen.  He contends that the district court imposed a substantively unreasonable sentence because the guidelines already accounted for the dangerousness of the human smuggling operation and the district court failed to adequately explain its finding that he smuggled more than 100 persons into the United States.  After careful review, we find no error and affirm.

## I.

We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Id.* at 1189 (quotation marks omitted).  The party challenging the sentence bears the burden to show that it is unreasonable based on the § 3553(a) factors and the facts of the case.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  A district court making a sentencing determination must "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

The district court must order a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, deters criminal conduct, protects the public from future crimes of the defendant, and provides the defendant with any needed training and treatment in the most effective manner.  *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th

Cir. 2013); 18 U.S.C. § 3553(a)(2)(A)–(D).  The district court must consider various factors in imposing a sentence, including: the nature of the offense, the defendant's history, the kinds of sentences available, the advisory guidelines range, policy statements, restitution, and avoiding unwarranted sentencing disparities.  *Kuhlman*, 711 F.3d at 1327; 18 U.S.C. § 3553(a)(1), (3)–(7).  A district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness.  *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

In considering the § 3553(a) factors at sentencing, the district court may attach greater weight to one factor over others.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam).  The weight given to any one factor is "committed to the sound discretion of the district court."  *Id.*  (quotation marks omitted).  When a sentence imposed by the district court falls outside the advisory guidelines range, it will not be presumed unreasonable.  *Gall*, 552 U.S. at 51.  After the sentencing judge considers the arguments of both parties and the § 3553(a) factors, the judge may impose a sentence deviating from the guidelines so long as they adequately explain the justification for the variance.  *Id.* at 50.  But the sentencing judge need not supply any "extraordinary justification" in imposing a sentence outside of the guideline range.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).   The district court "may consider conduct that a probation officer already had considered in calculating the defendant's advisory guidelines range."  *United States v. Henry*, 1 F.4th 1315, 1327 (11th Cir. 2021) (quotation marks omitted).  "A sentencing court's findings of fact may be

based on undisputed statements in the [presentence investigation report]." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam).

## II.

Ramos-Cruz fails to meet his burden of establishing that the district court imposed a substantively unreasonable sentence. The court considered the nature and circumstances of the offense; his history and characteristics; the need for the punishment to reflect the seriousness of the offense and promote respect for the law; deterrence; the protection of the public; and the need to avoid unwarranted sentencing disparities. *See Kuhlman*, 711 F.3d at 1327. The court imposed a 120-month sentence, which was an upward variance of sixty-three months above the guideline range. However, the court adequately explained the justification for this variance. The court identified multiple aggravating factors, including: Ramos-Cruz's possession of stolen handguns; the substantial proceeds he derived from the offense conduct; his post-arrest conduct; the recruitment of Martinez-Munoz and other participants; the duration of the offense conduct; his criminal activity at the Federal Detention Center; his re-entries into the United States; and his possession of his clients' passports and identification.

Ramos-Cruz further contends that the district court erred in imposing an upward variance because it mistakenly believed that the sentencing guidelines did not account for the dangerousness of the human smuggling operation. Ramos-Cruz points to U.S.S.G. § 2L1.1(6), which applies to conduct "intentionally or recklessly

creating a substantial risk of death or serious bodily injury to another person," to argue that the guidelines already account for dangerousness. But the court did not apply the two-level enhancement under U.S.S.G. § 2L1.1(6), rendering Ramos-Cruz's point moot. Additionally, the court's finding that Ramos-Cruz smuggled more than 100 persons into the United States was supported by record evidence. Considering that the 120-month sentence is well below the statutory maximum of 324 months, we find that the sentence is substantively reasonable. *See Croteau*, 819 F.3d at 1310.

Thus, the district court acted within its discretion when it imposed an upward variance on Ramos-Cruz's sentence. Accordingly, we affirm.

**AFFIRMED.**